UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------------------------------/

GLEN NELSON
1404 21st Street
Wyandotte, Michigan 48192

Plaintiff

v.

GRAND TRUNK WESTERN RAILROAD COMPANY
A Division of the Canadian National
2800 Livernois, Suite 300
Troy, Michigan 48083-1222

Defendant.

---------------------------------------------------------------------------/

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

NOW COMES the Plaintiff, GLEN NELSON, by and through his attorneys, THE KANTOR LAW FIRM, PLLC, for his causes of action against the Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY, herein alleges:

1. This action is being brought against the Defendant, pursuant to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C. § 51 et seq. and the amount in controversy, exclusive of interest, exceeds $75,000.

2. At all times hereinafter mentioned, the Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY, (hereinafter "GTW"), was and still is a corporation duly organized, created and existing under the laws of the State of Michigan, authorized to do business in the State of Michigan, and was and still is a common carrier in interstate transportation and commerce by railroad.

3. The Defendant, GTW, has tracks, operates trains and does business within the State of Michigan and maintains a principle place of business in the State of Michigan with business offices located at 2800 Livernois, Suite 300, Troy, Michigan 48083.

4. At all times hereinafter mentioned, the Plaintiff, GLEN NELSON, was and still is an employee of the Defendant, GTW, as that term is defined under 45 U.S.C. § 51 et seq.

and was and is engaged by the Defendant as a locomotive engineer to perform duties in the furtherance of its business interest and movement of freight in interstate and foreign commerce by Defendant, railroad.

5. This Court has proper jurisdiction as established by 45 U.S.C. § 56 and 28 U.S.C. § 1331.

6. The Plaintiff, GLEN NELSON requests a trial by jury of all issues.

AS AND FOR A FIRST CAUSE OF ACTION
THE PLAINTIFF, GLEN NELSON,
HEREIN ALLEGES FOR HIS FELA CLAIM:

7. The Plaintiff, GLEN NELSON, repeats and realleges paragraphs numbered "1" thru "6" as if they were more fully set out herein.

8. On or about January 11, 2016, the Plaintiff, GLEN NELSON, was performing his assigned duties at Trenton, Michigan as a locomotive engineer for the Defendant, GTW, in the furtherance of the Defendant's business in interstate commerce.

9. During the course of performing his duties for the Defendant, GTW, on the aforementioned date, the Plaintiff, GLEN NELSON was injured as a result of a defective air hose which did not operate efficiently and properly causing and/or aggravating injuries.

10. The Defendant, its agents, servants and employees were negligent in failing to properly provide the Plaintiff, GLEN NELSON with a safe place to work; the failure of the Defendant to properly warn the Plaintiff of possible hazards to his health; the failure of the Defendant to keep its equipment and property in a proper and safe manner; the failure of the Defendant to properly inspect, repair and maintain its equipment and property; the failure of the Defendant to comply with applicable State and Federal Statutes including, but not limited to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq., and the related Federal and State Rules and Regulations promulgated thereunder; failure of the Defendant to properly operate the job, together with other negligent acts or omissions;

and in the general reckless, careless and negligent manner in which the Defendant, its agent, servants and employees conducted its business.

11. As a result of the Defendant, GTW, its employees and agents, negligence, the Plaintiff, GLEN NELSON, was caused to suffer and/or aggravate severe, permanent, personal and painful physical and emotional injuries, disability, disfigurement, lost wages, denial of social pleasure and enjoyments, change of lifestyle and has been and will be caused to lose time from his railroad employment and will incur additional expenses and suffer additional damages into the future.

12. The Plaintiff, GLEN NELSON demands trial by jury of all issues.

### AS AND FOR A SECOND CAUSE OF ACTION
### THE PLAINTIFF, GLEN NELSON,
### HEREIN ALLEGES FOR HIS SAFETY
### APPLIANCE ACT CLAIM:

13. The Plaintiff, GLEN NELSON, repeats and realleges paragraphs numbered "1" thru "12" as if they were more fully set out herein.

14. On or about January 11, 2016, the Plaintiff, GLEN NELSON, was in the process of performing his assigned duties at Trenton, Michigan as a locomotive engineer for the Defendant, GTW, in the furtherance of the Defendant's business in interstate commerce.

15. During the course of performing his duties for the Defendant, GTW, on the aforementioned date, the Plaintiff, GLEN NELSON was injured as a result of the Defendant, GTW, its employees and agent's negligence when while working with a GTW air hose which did not operate efficiently and properly causing and/or aggravating injuries.

16. The Defendant, its agents, servants and employees were negligent in failing to properly provide the Plaintiff, GLEN NELSON with a safe place to work; the failure of the Defendant to properly warn the Plaintiff of possible hazards to his health; the failure of the Defendant to keep its equipment and property in a proper and safe manner; the failure

3

of the Defendant to properly inspect, repair and maintain its equipment and property; the failure of the Defendant to comply with applicable State and Federal Statutes including, but not limited to, 45 U.S.C. § 51 et seq., and the related Federal and State Rules and Regulations promulgated thereunder, including, but not limited to 49 USC §231; in that the brakes and/or handbrake on the car Glen Nelson was injured on was not equipped with efficient and properly operating brakes and/or handbrakes together with other negligent acts or omissions; and in the general reckless, careless and negligent manner in which the Defendant, its agent, servants and employees conducted its business.

17. As a result of the Defendant, GTW, its employees and agents, negligence, the Plaintiff, GLEN NELSON, was caused to suffer and/or aggravate severe, permanent, personal and painful physical and emotional injuries, disability, disfigurement, lost wages, denial of social pleasure and enjoyments, change of lifestyle and has been and will be caused to lose time from his railroad employment and will incur additional expenses and suffer additional damages into the future.

18. The Plaintiff, GLEN NELSON demands trial by jury of all issues.

WHEREFORE, the Plaintiff, GLEN NELSON, demands a money judgment against the Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY, for whatever amount said Plaintiff is found to be entitled to, together with the costs and disbursements of this action.

Dated: October 31, 2018
Williamsville, New York

STEVEN L. KANTOR
The Kantor Law Firm, PLLC
Attorneys for Plaintiff
5800 Main Street
Buffalo, New York 14221
(716) 626-0404
kantorlaw@roadrunner.com

4

5

        David J. Nickola
        Nickola & Nickola
        Local Counsel for Plaintiff
        1015 Church Street
        Flint, Michigan 48502
        810-767-5420
        djn@nickola-law.com

VERIFICATION AFFIDAVIT

State of New York
County of Erie         ss:

STEVEN L. KANTOR duly sworn deposes and says that the aforementioned Complaint is true to the knowledge of the deponent except to the matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Dated: October 31, 2018

_____
STEVEN L. KANTOR, ESQ.

Sworn to before me this
31st day of October 2018.

_____
Notary Public
My Commission Expires: 10-12-22

LORI MINARD
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 10-12-22

6