UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN NELSON,

    Plaintiff,

v.

GRAND TRUNK WESTERN
RAILROAD COMPANY,

    Defendant.
_____/

Case No. 18-cv-13393
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S
MOTION FOR CORRECTION OF MISTAKE (ECF No. 43)**

In this action, Plaintiff Glen Nelson brings a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. ("FELA"), against his employer, Defendant Grand Trunk Western Railroad Company. (*See* Am. Compl., ECF No. 9.) The claim arises out of a back injury that Nelson allegedly suffered when he attempted to repair a part on a train operated by Grand Trunk.

The parties previously filed cross-motions for summary judgment on Nelson's FELA claim. (*See* Mots., ECF Nos. 20, 21.) The Court granted Nelson's motion in part and denied Grand Trunk's motion. (*See* Op. and Order, ECF No. 37.) The Court's ruling was based, in part, on statements by a Grand Trunk employee concerning Nelson's injury in a Federal Railroad Administration ("FRA") form

1

called the "Railroad Employee Injury and/or Illness Record Form F6180.98" (the "Nelson Form F6180.98").

On August 7, 2020, Grand Trunk filed a "Motion for Correction of Mistake" "pursuant to" Federal Rule of Civil Procedure 60(a). (Mot., ECF No. 43.)  In that motion, Grand Trunk says that the Court erred when it relied on the statements in the Nelson Form F6180.98 because that form is not admissible in this action. (*See id.*)  Grand Trunk argues that the Court should therefore vacate the order of partial summary judgment it entered in Nelson's favor. (*See id.*)  For the reasons explained below, Grand Trunk's motion is **DENIED**.

# I

## A

Nelson is an engineer for Grand Trunk.  In 2016, he injured his back as he was attempting to repair a part on a Grand Trunk train that had come to a brief stop during a regularly scheduled trip.  Nelson reported his injury to Grand Trunk, and Grand Trunk Assistant Superintendent Dean Macki then completed the Nelson Form F6180.98. (*See* Nelson Form F6180.98, ECF No. 40-3.)  In the Nelson Form F6180.98, Macki listed Nelson's contact information, described how Nelson was injured, and identified the treatment Nelson received for his injury. (*See id.*)  As relevant here, Macki also stated in the Nelson Form F6180.98 that the train in

question was located on the "main track at [Control Point] Rodney" at the time of Nelson's injury. (*Id.*, PageID.1529.)

In 2018, Nelson filed this action against Grand Trunk seeking damages for his back injury under the FELA. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 9.) Nelson asserts that Grand Trunk is liable under the FELA because (1) Grand Trunk violated the Federal Safety Appliance Act, 49 U.S.C. § 20302 (the "FSAA") and (2) that violation proximately caused his injury.[1] (*See id.*)

**B**

Following the close of discovery, the parties filed cross-motions for summary judgment. (*See* Grand Trunk Mot. for Summ. J., ECF No. 20; Nelson Mot. for Summ. J., ECF No. 21.) The competing motions focused closely on whether the train in question was "in use" at the time of Nelson's injury. (*See id.*) The status of the train was a central issue because it "has long been established that the provisions of [the] FSAA only apply to trains and railcars that are actually 'in use.'" *Rogers v. Norfolk Southern Ry. Co.*, 126 F. App'x 694, 696 (6th Cir. 2005) (quoting *Brady v. Terminal R.R. Ass'n*, 303 U.S. 10, 13 (1938)).

---

[1] As explained in the Court's earlier Opinion and Order, in order to prevail under the FELA, a plaintiff must establish that the defendant was negligent, and a plaintiff may satisfy that element by proving that the defendant violated the FSAA. (*See* Op. and Order, ECF No. 37, PageID.1398.)

3

Whether the train was "in use" at the time of Nelson's injury depended in part on where the train was located. That is because a train is more likely to be deemed "in use" if it is on an active track at the time of an injury and less likely to be deemed "in use" if it is on a side track or storage track at the time of an injury. *See*, *e.g.*, *Sherry v. Baltimore & O.R. Co.*, 30 F.2d 487, 489 (6th Cir. 1929); *Hinkle v. Norfolk Southern Ry. Co.*, 2006 WL 3783521, at *3 (S.D. Ohio. Dec. 21, 2006).

Nelson argued that the train was on an active track at the time of his injury. In support of that contention, Nelson cited Macki's statement in the Nelson Form F6180.98 that "the specific site" where "the accident/incident occurred" was on the "main track." (Nelson Form F6180.98, ECF No. 40-3, PageID.1529.) Nelson included the form in the exhibits to his summary judgment briefing and directed the Court to the form during the hearing on the motions. (*See* Exhibit 5 to Nelson Mot. for Summ. J., ECF No. 22-5, PageID.567; 6/17/2020 Hr'g Tr., ECF No. 39, PageID.1456.) Grand Trunk did not object to Nelson's inclusion of the form with his exhibits or to Nelson's reference to the form during the hearing. Nor had Grand Trunk objected to Nelson's earlier use of the form – which Grand Trunk had produced during discovery – during Macki's deposition. (*See* Macki Dep. Tr. at 29-31, ECF No. 49-2, PageID.1771-1773.)

On June 25, 2020, the Court issued an Opinion and Order in which it granted in part and denied in part Nelson's motion and denied Grand Trunk's motion. (*See*

Op. and Order, ECF No. 37.) The Court ruled that the train in question was "in use" because, among other reasons, the train was located on an active track at the time of Nelson's injury. (*See id.*, PageID.1401.) As support for that contention, the Court cited Macki's statement in the Nelson Form F6180.98 that the train was on the "main track at [Control Point] Rodney." (*See id.*, n.5; *see also id.*, PageID.1394.)

## C

Grand Trunk timely moved for reconsideration of the Court's decision. (*See* Mot. for Reconsideration, ECF No. 40.) In that motion, Grand Trunk argued that the Court erred in ruling that the train was "in use." But Grand Trunk neither contended that the Court erred in considering Macki's statement in the Nelson Form F6180.98 nor argued that the form was inadmissible. On the contrary, Grand Trunk's motion assumed that Macki's statement *was* admissible. Grand Trunk argued that the Court should not have granted summary judgment because Macki's statement conflicted with other admissible evidence regarding the train's location, and thus there was a question of fact as to the location at the time of Nelson's injury:

> In its Opinion and Order, the Court disregards the factual uncertainty regarding the car's location as established by: (1) Mr. Macki's Form 6180.98; (2) Mr. Sukup's testimony that if the car was on the mainline, he would have received a complaint from Norfolk Southern about a blocked interlocking; and (3) Plaintiff's inability to definitively state what track the car was on. If whether the car was on a side track or a mainline is determinative – either in whole or in part – on the "in use" question, the Court must view the evidence most favorably to GTW when deciding

5

> Plaintiff's Motion for Summary Judgment. Given the dispute regarding which track the car was on, under the standard of review for a Rule 56 motion, the Court cannot simply draw the factual inference in the Plaintiff's (i.e., the movant's) favor, but should infer that it was not on the mainline.

(*Id.*, PageID.1506.) The Court rejected Grand Trunk's argument and denied the motion in part on July 15, 2020. (*See* Order, ECF No. 41, PageID.1539.)

**D**

Nearly a month later, Grand Trunk filed its "Motion for Correction of Mistake." (*See* Mot., ECF No. 43.) In that motion, Grand Trunk argues for the first time that the Nelson Form F6180.98 is inadmissible and that the Court therefore erred when it relied on Macki's statement in the form when deciding the summary judgment motions. (*See id.*) Nelson opposes the motion. (*See* Nelson Opp. Br., ECF Nos. 49, 50.) The Court concludes that it may resolve the motion without oral argument, *see* E.D. Mich. Local Rule 7.1(f), and it denies the motion.

**II**

Grand Trunk filed its motion "pursuant to" Federal Rule of Civil Procedure 60(a). (Mot., ECF No. 43, PageID.1668.) But that rule does not provide relief for the type of error that Grand Trunk claims the Court made.

"Rule 60(a) provides, in relevant part, that '[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the

6

motion of any party...." *In Re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (quoting Fed.R.Civ.P. 60(a)). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *Id.* Importantly, "[t]he rule does not [] authorize the court to revisit its legal analysis or otherwise correct an 'error[ ] of substantive judgment.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). As the Sixth Circuit explained:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (emphasis in original)).

Here, Grand Trunk does not ask the Court to correct a clerical mistake or a "blunder in execution." Instead, it asks the Court to vacate its grant of partial summary judgment on the ground that the Court "mistakenly relied on an inadmissible document in deciding a dispositive issue in this case." (Grand Trunk Reply Br., ECF No. 51, PageID.1869.) Simply put, Grand Trunk argues that the Court made a *legal* error, and that kind of alleged mistake "cannot be corrected

7

pursuant to Rule 60(a)." *In Re Walter*, 282 F.3d at 440. Grand Trunk's motion is **DENIED** for that reason alone.[2]

### III

In any event, Grand Trunk's motion fails on the merits. Grand Trunk has failed to demonstrate that the Court erred when it relied upon Macki's statement regarding the location of the train in the Nelson Form F6180.98.

### A

Grand Trunk argues that the Nelson Form F6180.98 is inadmissible under a pair of federal statutes: 49 U.S.C. §§ 20901 and 20903. Section 20901 provides that "[n]ot later than 30 days after the end of each month, a railroad carrier shall file a report with the Secretary of Transportation on all accidents and incidents resulting in injury or death to an individual or damage to equipment or a roadbed arising from the carrier's operations during the month. The report shall be under oath and shall state the nature, cause, and circumstances of each reported accident or incident." 49 U.S.C. § 20901(a). Section 20903 then provides in relevant part that "[n]o part of an accident or incident report filed by a railroad carrier under section 20901 of this

---

[2] In its reply brief, Grand Trunk argues that if the Court concludes that Rule 60(a) does not apply here, then the Court should grant relief under "whatever Rule it deems appropriate." (Grand Trunk Reply Br., ECF No. 51, PageID.1881.) To the extent Grand Trunk wanted the Court to consider granting relief under some other rule, it was incumbent upon Grand Trunk to cite the rule, to cite case law interpreting and applying the rule, and to explain how it (Grand Trunk) was entitled to relief under the rule.

title … may be used in a civil action for damages resulting from a matter mentioned in the report." 49 U.S.C. § 20903. Taken together, these provisions create a "narrow" statutory "privilege" for the monthly accident or incident reports (or parts of such reports) that are actually filed under oath with the Secretary of Transportation. *Villa v. Burlington Northern and Sante Fe Railway Co.*, 397 F.3d 1041, 1047 (8th Cir. 2005). *See also Kehdi v. BNSF Ry. Co.*, 2007 WL 2994600, at *2 (D. Ore. Oct. 11, 2007) (explaining that the "evidentiary privilege" under Section 20903 is "limit[ed]" to "monthly summary accident reports to be filed under oath with the Secretary of Transportation").

The privileged "monthly summary accident reports" are completed on a standardized form created by the FRA: the FRA F6180.55.[3] *Kehdi*, 2007 WL 2994600, at *2. The face of the FRA F6180.55 identifies several additional standardized forms that may be attached to, and made part of, the filed FRA F6180.55.[4] Notably, the FRA F6180.98 – the standardized form on which Macki completed the Nelson FRA F6180.98 – is not identified as one of those forms. While

---

[3] The FRA F6180.55 is available on the FRA's website at: https://railroads.dot.gov/forms-guides-publications/forms/618055-injuryillness-summary.

[4] The FRA F6180.55a is one of the identified forms that may be attached to and filed as part of an FRA F6180.55. The FRA F6180.55a includes information about "all reportable fatalities, injuries, and occupational illnesses that occurred during the preceding month." 49 C.F.R. § 225.21(c). The FRA F6180.55a is available on the FRA's website at: https://railroads.dot.gov/forms-guides-publications/forms/618055a-injuryillness-continuation-sheet.

the information that is recorded on an FRA F6180.98 at the time of an accident may ultimately be reflected on one of the forms filed with the FRA F6180.55, the FRA F6180.98, itself, is not attached to the filed FRA F6180.55. In fact, the current FRA Guide tells railroads that they should *not* submit an FRA F6180.98 to the Secretary of Transportation as part of their sworn monthly summary report on FRA F6180.55.[5] (FRA Guide at 36.)

      The FRA F6180.98 is not filed with a railroad's sworn monthly summary report because the FRA F6180.98 is only "used for internal reporting purposes." *Kehdi*, 2007 WL 2994600, at *2. It is an "initial form" that is used "simply to note the happening of [an] accident or [] injury." *Railroad Health and Safety; a Litigator's Guide*, 72 Am. Jur. Trials 1 at § 33 (2020). As the FRA Guide explains, "[a] primary purpose for the recording of accountable cases" on an FRA F6180.98 "is to establish a standardized set of data that the reporting officer will use in deciding *whether* to report a case" on a form that is later filed under oath with the

---

[5] The FRA Guide is published by the FRA and it "provides instructions and guidance associated with FRA's accident/incident recordkeeping and reporting requirements." (FRA Guide at 4.) "Federal railroad safety regulations at § 225.11 and § 225.21 require that each railroad subject to Part 225 complete reports and records of accidents/incidents in accordance with the current FRA Guide." (*See id.*; *see also* 49 C.F.R. § 225.11(b) ("Reports shall be completed as required by the current FRA Guide"); 49 C.F.R. § 225.21 (referring railroads to the FRA Guide).) The "current" version of the FRA Guide, published in 2011, is available on the FRA's website at: https://railroads.dot.gov/sites/fra.dot.gov/files/ 2019-09/FRAGuideforPreparingAccIncReportspubMay2011.pdf

10

Secretary of Transportation. (FRA Guide at 36; emphasis added.) In short, the FRA F6180.98 is not "a monthly summary report, is not made under oath, and is not filed with the Secretary of Transportation." *Kehdi*, 2007 WL 2994600, at *2. *See also Ellenbecker v. BNSF Railway Co.*, 2019 WL 6771827, at *2 (D.Neb. Dec. 11, 2019) (same).

Precisely because FRA F6180.98 does not "meet those specifications," the FRA F6180.98 is not covered by the narrow privilege that Section 20903 creates for sworn monthly summary reports filed under Section 20901. *Kehdi*, 2007 WL 2994600, at *2 (holding that "an alternate FRA F6180.98" was admissible and was not covered by the privilege because it was not completed under oath and filed with the Secretary of Transportation). *See also Villa*, 397 F.3d at 1097 (same).[6] Thus, the Nelson Form F6180.98 is not covered by the privilege, and the Court did not err in considering it.

---

[6] The FRA regulations require railroads to complete *either* an FRA F6180.98 *or* an "alternative railroad-designed record." 49 C.F.R. § 225.25(a). "Any such alternative record shall contain all of the information required on the Railroad Employee Injury and/or Illness Record" (*i.e.*, FRA F6180.98). 49 C.F.R. § 225.25(b). The courts in *Kehdi, Ellenbecker*, and *Villa* above were reviewing railroad-designed alternatives to FRA F6180.98. But the courts treated the alternative forms as if they were the equivalent of an FRA F6180.98. *See, e.g., Villa*, 397 F.3d at 1047; *Kehdi*, 2007 WL 2994600, at *2.

B

Grand Trunk's arguments to the contrary are not persuasive. Grand Trunk contends that the Nelson Form F6180.98 is covered by the privilege because information from that form was reflected on another form that Grand Trunk attached to its FRA F6180.55. (*See* Grand Trunk Reply Br., ECF No. 51, PageID.1878.) Grand Trunk says that the Nelson Form F6180.98 was thus "part of" a required filing with the Secretary of Transportation. (*Id.*) But as noted above, even if *information* from the Nelson Form F6180.98 was later reflected in an attachment to an FRA F6180.55 filed by Grand Trunk, the Nelson Form F6180.98, itself, was neither made under oath nor filed with the Secretary of Transportation. Thus, the Nelson Form F6180.98 does not meet the "specifications" described in Section 20901 and is not covered by the narrow privilege established in Section 20903. *Kehdi,* 2007 WL 2994600, at *2. Indeed, another federal court has rejected the argument – made by Grand Trunk here – that the narrow privilege created by Section 20903 applies to "materials that [a] report filed with the [Secretary of Transportation] is based on." *Ast v. BNSF Railway Co.*, 2011 WL 1899284, at *3 n.5 (D. Kan. May 19, 2011).

Moreover (and in any event), Grand Trunk has not presented any evidence that the information contained in the Nelson Form F6180.98 was ever reflected in a report that Grand Trunk actually filed with the Secretary of Transportation. The only evidence Grand Trunk has submitted is the affidavit of Kirk Gill, one of its

Senior Managers. (*See* Gill Aff., ECF No. 51-1.)  Gill "oversee[s] the preparation and submission of reports to the [Secretary of Transportation] on behalf of [Grand Trunk]." (*Id.* at ¶5, PageID.1884.)  In his affidavit, Gill said only that "[t]he information contained in [an FRA] 6180.98 is part of [an FRA] 6180.55A, one of the monthly reports submitted to the FRA under oath." (*Id.* at ¶6, PageID.1884.)  But Gill does not say that Grand Trunk ever actually filed with the Secretary of Transportation an FRA F6180.55a containing information from the Nelson Form F6180.98.  That omission seems important because it appears that not every FRA F6180.98 contains information that is later reported to the Secretary of Transportation on an FRA F6180.55a.⁷  For this additional reason, Grand Trunk has not established that the Nelson Form F6180.98 is privileged. *Cf. Ast*, 2011 WL 1899284, at *3 (holding that privilege in Section 20903 did not apply to a particular inspection report because, among other things, "there is no evidence that the … inspection report was filed with the [Secretary of Transportation]").

    Furthermore, Grand Trunk has not cited any judicial decisions supporting its contention that the privilege created by Section 20903 applies to an FRA F6180.98.

---

⁷ As noted above, the FRA Guide provides that "[a] primary purpose for the recording of accountable cases" on a Form F6180.98 "is to establish a standardized set of data that the reporting officer will use in deciding *whether* to report a case" to the Secretary of Transportation. (FRA Guide at 36; emphasis added.)  That appears to indicate that not all injuries or illnesses that are recorded on an FRA F6180.98 are necessarily reported to the Secretary of Transportation on an FRA F6180.55a.

13

Grand Trunk directs the Court to what it calls "decisions" from "courts across the country." (Mot., ECF No. 43, PageID.1683.) But the citations provided by Grand Trunk are not to judicial decisions. Instead, Grand Trunk cites exclusively to motions filed by litigants, and Grand Trunk wrongly refers to these motion papers as court "decisions." (*See id.*, citing *Linnear v. The KCS*, 2016 WL 6037223 (Tex. Dist. 2016) (motion in limine) and *Vergara v. UP Rr Co.*, 2011 WL 10940227 (Cal. Super. 2011) (motion in limine).) And the motion in *Vergara* never even mentions FRA F6180.98. Instead, the party in that case sought to exclude expert testimony due to the expert's reliance on a different document – one that, in contrast to the FRA F6180.98, is filed under oath with the Secretary of Transportation. *See Vergara*, 2011 WL 10940227 (arguing that it was "entirely improper" for an expert witness to rely upon a railroad's FRA F6180.55a[8]). Grand Trunk has not even told the Court how the courts ruled on the motions that it relies upon. Simply put, Grand Trunk has not cited any actual authority holding (or even suggesting) that the privilege in Section 20903 applies to an FRA F6180.98.[9]

---

[8] As explained in footnote four above, FRA F6180.55a is one of the forms that may be attached to and filed with an FRA F6180.55.

[9] Nelson pointed out in his response to Grand Trunk's motion that Grand Trunk had relied upon motions filed by parties, not decisions issued by courts. (*See* Nelson Resp. Br., ECF No. 50, PageID.1858.) In its reply brief, Grand Trunk did not acknowledge that it had failed to cite any decisions in support of its Section 20903 argument. Instead, it argued that Nelson had "fail[ed] … to distinguish" the *Linnear* and *Vergara* "cases." (Grand Trunk Reply Br., ECF No. 51, PageID.1878.) Because Grand Trunk did not identify any actual decisions by any courts interpreting Section

Finally, Grand Trunk argues that the Nelson Form F6180.98 is covered by the privilege because the form itself says it should not be admitted into evidence. Grand Trunk directs the Court to the following disclaimer at the bottom of the first page of the Nelson Form F6180.98:

> NOTE: This report is part of the reporting railroad's accident report pursuant to the accident reports statute and, as such shall not "be admitted as evidence or used for any purpose in any suit or action for damages growing out of any matter mentioned in said report …." 49 U.S.C. 20903. See 49 C.F.R. 225.7(b).

(Nelson Form F6180.98, ECF No. 40-3, PageID.1529.)

For at least two reasons, Grand Trunk has failed to persuade the Court that this disclaimer establishes that the privilege applies to the Nelson Form F6180.98. First, Grand Trunk has not cited any authority holding that a statement on a standardized form has the force of law. The Court is not convinced that the privilege applies to the Nelson Form F6180.98 just because the form says it does.

Second, Grand Trunk has not shown that the disclaimer is a correct statement of the law. Nor could it. For all of the reasons explained above, the disclaimer is not an accurate statement of the law. Indeed, the federal regulation cited in the disclaimer actually confirms that the privilege does *not* apply to an FRA F6180.98.

---

20903, there were no "cases" for Nelson to "distinguish." The Court has serious concerns about Grand Trunk's continued reference to motion papers as court "cases" after Nelson pointed out Grand Trunk's error.

That regulation states that the statutory privilege created by Section 20903 applies to "reports filed by railroads under § 225.11." 49 C.F.R. § 225.7(b). Section 225.11, in turn, provides that "[r]eports shall be completed as required by the current FRA Guide." 49 C.F.R. § 225.11(b). Finally, as noted above, the "current FRA Guide" directs railroads *not* to "submit [] form [6190.98] or an alternate railroad-designed record" to the Secretary of Transportation. (FRA Guide at 36.) Thus, the applicable regulatory scheme – cited in the disclaimer – confirms that the statutory privilege does not apply to an FRA F6180.98 because that form is not filed with the Secretary of Transportation.

### IV

For all of the reasons stated above, Grand Trunk's Motion for Correction of Mistake (ECF No. 43) is **DENIED**.

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 23, 2020, by electronic means and/or ordinary mail.

                                                  s/Holly A. Monda
                                                  Case Manager
                                                  (810) 341-9764