UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN NELSON,

    Plaintiff,

v.

GRAND TRUNK WESTERN
RAILROAD COMPANY,

    Defendant.

Case No. 18-cv-13393
Hon. Matthew F. Leitman

_____/

# ORDER (1) GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 40); (2) GRANTING PLAINTIFF'S MOTION IN LIMINE (ECF No. 23); (3) DENYING PLAINTIFF'S MOTION IN LIMINE (ECF No. 52); AND (4) GRANTING DEFENDANT'S MOTION TO RE-OPEN DISCOVERY ON A LIMITED BASIS (ECF No. 54)

In this action, Plaintiff Glen Nelson brings a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*., against his former employer, Defendant Grand Trunk Western Railroad Company. (*See* Am. Compl., ECF No. 9.) On April 28, 2021, the Court heard argument on three motions: (1) Grand Trunk's motion for reconsideration (ECF No. 40), (2) Nelson's motion *in limine* to preclude the expert testimony of Molly Blechl and Dr. Jeffrey Coe (ECF No. 52), and (3) Grand Trunk's motion to re-open discovery on a limited basis (ECF No. 54). The rulings on the motions were stated on the record and are summarized below.

1

The Court begins with Grand Trunk's motion for reconsideration (ECF No. 40). Some brief background is required to understand this motion. In February 2020, the parties filed cross-motions for summary judgment (*see* Mots., ECF Nos. 20, 21) and Nelson filed an additional motion *in limine* (*see* Mot., ECF No. 23). In Nelson's motion *in limine*, he sought an order barring Grand Trunk from introducing into evidence certain expert opinion testimony by Grand Trunk employees Dean C. Macki, Jason T. Sukup, William Grandberry, Timothy Sennett, Kevin Ridenauer, and Tom Simpson. (*See id*.) Grand Trunk had sought to introduce that opinion testimony to support its defense that Nelson was the sole cause of his injuries. On June 25, 2020, the Court (1) granted in part and denied in part Nelson's motion for summary judgment and (2) denied Grand Trunk's motion for summary judgment. (*See* Order, ECF No. 37.) As part of that ruling, the Court concluded that because it had granted Nelson's motion in part, the issue of whether Nelson caused his injuries was no longer "relevant to the issues that [would] be presented at trial." (*Id.*, PageID.1412.) Based upon that conclusion, the Court terminated as moot Nelson's motion *in limine* in which Nelson sought to preclude admission of the expert testimony related to the issue of causation. (*See id.*) In Grand Trunk's motion for reconsideration, it argues that the Court erred when it determined that the issue of whether Nelson was the sole cause of his injuries was no longer relevant to the issues that would be presented at trial. (*See* Mot., ECF No. 40.) Grand Trunk further

2

contends that the Court should issue a substantive ruling in Nelson's motion *in limine*. (*See id.*)

For the reasons stated on the record during the April 28, 2021, motion hearing, Grand Trunk's motion for reconsideration is **GRANTED** to the extent that it asks the Court to reconsider its earlier ruling that the issue of whether Nelson caused his own injuries was no longer relevant to the remaining claims in this action. Contrary to the Court's earlier ruling, that issue is still relevant in this action. Moreover, the Court agrees with Grand Trunk that it may present as a defense at trial that Nelson's negligent conduct was the sole cause of his injuries. The Court also agrees with Grand Trunk that it must now issue a ruling on Nelson's underlying motion *in limine*. For the reasons stated on the record, Nelson's motion *in limine* (*see* Mot., ECF No. 23) is **GRANTED**. At trial, Grand Trunk shall be prohibited from offering expert opinion testimony on the subject of causation from Dean C. Macki, Jason T. Sukup, William Grandberry, Timothy Sennett, Kevin Ridenauer, and Tom Simpson.

The Court next moves to Nelson's motion *in limine* to exclude expert testimony by Blechl and Dr. Coe. (*See* Mot., ECF No. 52.) For the reasons explained on the record, Nelson's motion is **DENIED**. The Court will permit Grand Trunk to offer expert testimony from Blechl and Dr. Coe at trial. The parties shall follow the following procedure with respect to the testimony of these witnesses:

- The Court will hold a status conference with the parties in approximately 90 days to discuss whether, given the backlog in jury trials due to the COVID-19 pandemic, it is possible, at that time, to schedule a tentative trial date in this matter.

- Once the Court issues an order setting a tentative trial date, Grand Trunk shall have **60 days** to serve on Nelson full expert disclosures that comply with the relevant Federal Rules of Civil Procedure for Blechl (*see* Fed. Rule Civ. Proc 26(a)(2)(C)) and Dr. Coe (*see* Fed. Rule Civ. Proc. 26(a)(2)(B)).

- Grand Trunk shall produce Blechl and Dr. Coe for depositions within **30 days** after it serves its full expert disclosures for these witnesses.

- Within **14 days** of these depositions, Nelson shall notify Grand Trunk in writing whether he will be presenting expert testimony to rebut the testimony of Blechl and/or Dr. Coe.

- If Nelson decides to present rebuttal experts, he shall serve on Grand Trunk full expert disclosures, and, if required, expert reports, that comply with the relevant Federal Rules of Civil Procedure, for those witnesses within **45 days** of providing Grand Trunk his written notice.

- If Nelson decides to present rebuttal experts, he shall produce them for depositions within **30 days** after he serves Grand Trunk with full expert disclosures.

Finally, the Court turns to Grand Trunk's motion to re-open discovery on a limited basis. (*See* Mot., ECF No. 54.) For the reasons stated on the record, that motion is **GRANTED**. Once the Court issues an order setting a tentative trial date in this matter, the Court will re-open expert discovery for a period of 120 days. During this period of additional expert discovery, Grand Trunk shall be permitted to:

- Re-take the deposition of Nelson limited to Nelson's physical condition between June 2019 and the date of the deposition;
- Take the deposition of Dr. Nursat Rahman limited to Dr. Rahman's interactions with Nelson from June 2019 to the date of the deposition;
- Take the deposition of Dr. Richard Deerhake;
- Take the deposition of Dr. Jawad Shah; and
- Take the deposition of Nelson's economist, Dr. Stephen Shapiro.

Not less than 28 days prior to the date of Dr. Shapiro's deposition, Nelson shall serve on Grand Trunk a supplemental expert report from Dr. Shapiro. Nelson shall also timely execute any and all required medical authorization forms provided by Grand Trunk related to his current physical condition.

The parties shall not take any additional discovery, and need not provide any of the expert disclosures described above, until the Court issues an order setting a tentative trial date in this matter.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764